IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Lee McFadden, #346693, | ) | C/A No. 4:11-2317-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| State of South Carolina; County of | ) | |
| Florence; and The State, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at the Ridgeland Correctional Institution. He brings this civil rights action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint[1] in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff alleges that his Fourth Amendment rights were violated. On April 29, 2010, Plaintiff was arrested for burglary in the second degree and grand larceny. [Entry #1 at 3, 7].

_____

[1] Plaintiff submitted two complaints signed on the same date against the same defendants raising similar claims, and the Clerk of Court filed the two documents together as the Complaint in this action. [Entry #1].

According to Plaintiff, Affiant Jerry Gainey, a Sergeant with the Lake City Police Department, had sworn that Plaintiff had committed a crime on March 25, 2010. *Id.* Plaintiff alleges that on June 27, 2011, he received a ten-year sentence for the burglary charge at the City-County complex in Florence, South Carolina. *Id.* at 7. He alleges that the following people were involved in his case and were present on June 27, 2011: Sgt. John Kelly, Sgt. Jerry Gainey, Nadya Brown, Sandra Brown, Judge Craig Brown, and Deputy Solicitor John Jepertinger. *Id.* Plaintiff further alleges that on August 1, 2011, a trial was held on the grand larceny charge, and on August 2, 2011, Judge Brown ordered that Plaintiff was "not guilty" of that charge. *Id.* at 3. Plaintiff alleges that the acting solicitor for the grand larceny trial was John Jepertinger, and he alleges that the following people testified at the trial: complainant Tammy Brown, victim Laylaie Cameron, witness Sharon Croker, and Officer Dane Keefe. *Id.* Plaintiff seeks $8 million in damages, release from prison, asks that all his North Carolina and South Carolina records be "deleted," and various other relief to include transportation on the day he is released from prison and a letter of apology. *Id.* at 4, 8.

The undersigned takes judicial notice that on May 25, 2011, Plaintiff filed a similar complaint against similar defendants, and, at that time, Plaintiff was a pretrial detainee incarcerated at the Florence County Detention Center. *See McFadden v. County of Florence, Prosecutor,* C/A No. 4:11-1259-TLW-SVH (D.S.C.) ("*McFadden I*"). It is appropriate for this court to take judicial notice of Plaintiff's prior cases. *See Colonial Penn Ins. Co. v. Coil,*

2

887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").  A review of *McFadden I* reveals that on September 7, 2011, the undersigned entered a Report and Recommendation recommending that the complaint be dismissed without prejudice and without issuance and service of process.[2]  *See McFadden I* [Entry #12].  After no objections were received, on October 17, 2011, the Honorable Terry L. Wooten accepted the Report and Recommendation and dismissed the complaint without prejudice and without issuance and service of process.  *See McFadden I* [Entry #19].

II.     Discussion

    A.     Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(I), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C.

---

[2] It appears that Plaintiff filed the Complaint *sub judice* on August 29, 2011, which was prior to the entry of the Report and Recommendation in *McFadden I.*

3

§ 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

The Complaint should be summarily dismissed for several of the same reasons for which the court previously dismissed *McFadden I*. First, Plaintiff brings suit against the State of South Carolina as he did in *McFadden I*, but the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the state or its integral parts. *See Alden v. Maine*, 527 U.S. 706, 713 (1999) (immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the Convention

4

or certain constitutional Amendments"); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76

(1996) (Eleventh Amendment prohibits Congress from making the State of Florida capable

of being sued in federal court); *Blatchford v. Native Village of Noatak and Circle Village*,

501 U.S. 775, 786 (1991) (Congressional power to abrogate Eleventh Amendment immunity

can only by exercised by clear legislative intent).

   Although the language of the Eleventh Amendment does not explicitly prohibit a

citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v.

Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*,

protection of a state treasury, would not be served if a state could be sued by its citizens in

federal court.  Thus, the Eleventh Amendment bars such suits unless the State consents to

suit[3] or Congress exercises its power under § 5 of the Fourteenth Amendment to override that

immunity.  Congress did not add language to 42 U.S.C. § 1983 indicating that it overrides

the Eleventh Amendment.  Therefore, the State of South Carolina is immune from suit in this

action pursuant to the Eleventh Amendment.  *See Quern v. Jordan*, 440 U.S. 332, 343

(1979).

   Secondly, in *McFadden I*, Plaintiff sued the County of Florence, which he does in the

Complaint *sub judice*.  To the extent Plaintiff seeks monetary relief against the County of

---

[3] The State of South Carolina has not consented to suit in a federal court.  *See* S. C. Code
Ann. § 15-78-20(e)(1976), which expressly provides that the State of South Carolina does
not waive Eleventh Amendment immunity, consents to suit only in a court of the State of
South Carolina, and does not consent to suit in a federal court or in a court of another State.

Florence, he has failed to allege the County has a policy or custom that caused him injury. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 689 (1978) (municipalities and other local government bodies are "persons" within the meaning of § 1983, but plaintiff must identify a municipal "policy or custom" that caused plaintiff's injury. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged). Because Plaintiff has failed to allege a custom or policy, it is recommended that his claim against the County of Florence be dismissed.

In this case, unlike *McFadden I*, Plaintiff alleges that he was convicted of the burglary charge. Plaintiff's claim for violation of his constitutional rights based on his allegedly being falsely accused and convicted of the burglary charge should be dismissed because Plaintiff does not allege that the conviction has been invalidated. Such a cause of action does not accrue until the conviction previously has been invalidated, for example, by a state court or a federal court's issuance of a writ of habeas corpus. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

6

*Id.* at 486–87; *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment).

A favorable determination on the merits of Plaintiff's claims in this § 1983 action would imply that Plaintiff's criminal conviction of burglary was invalid. The Supreme Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008). Because Plaintiff has not demonstrated or alleged that he has successfully challenged the lawfulness of his state court burglary conviction, his claim that his constitutional rights were violated during the burglary arrest and conviction should be dismissed because a right of action has not accrued.[4]

---

[4] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

7

To the extent Plaintiff seeks immediate release from prison due to the alleged violations of his constitutional rights, release from prison is not available in this civil rights action.[5]  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

Lastly, to the extent that Plaintiff is seeking damages based on alleged constitutional rights violations related to the grand larceny charge for which he was found not guilty, Plaintiff failed to sue any person who allegedly with deliberate indifference committed any misconduct.  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Other than the County of Florence,[6] which may be considered a person pursuant to § 1983, Plaintiff has not named as defendants any other persons subject to suit in this court.  Thus, he fails to state a claim on which relief may be

---

[5] To the extent Plaintiff seeks to vacate his state burglary conviction, that is more appropriate for a 28 U.S.C. § 2254 habeas action, which he may bring after exhausting the remedies available in the state courts.

[6] As discussed above, Plaintiff did not allege that a municipal "policy or custom" caused his injury, so he fails to state a claim on which relief may be granted against the County of Florence.

8

granted.

III.    Conclusion

Accordingly, it is recommended that the district judge dismiss the Complaint in the

above-captioned case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

November 21, 2011                              Shiva V. Hodges
Florence, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**